UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADAM KHALIL                                        CIVIL ACTION

VERSUS                                             NO. 23-531

EXXON, ET AL                                       SECTION: "J"(2)

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff Adam

Khalil and defendant Circle K. Stores, Inc.'s memorandum in opposition (Rec. Doc.

9). For the reasons that follow, the Court finds that Plaintiff's motion should be

**DENIED**.

## FACTS AND PROCEDURAL HISTORY

This action arises out of a trip and fall accident that occurred on January 9,

2022 at the Circle K. Store at the Exxon Mobile gas station at 704 Howard Avenue,

New Orleans, Louisiana 70130. (Rec. Doc. 1-2, at 2). On December 13, 2022, Adam

Khalil filed suit against Defendants in the Civil District Court for the Parish of

Orleans. *Id.* at 1. Defendant Circle K, Inc. ("Circle K") filed a notice of removal to this

Court on February 10, 2023, under diversity jurisdiction. (Rec. Doc. 1, at 3-4). On

February 13, 2023, the Clerk of Court issued a directive pursuant to 28 U.S.C. §

1447(b) requiring the removing party to file within 14 days: (1) a list of all parties

remaining in the action; (2) copies of all state court pleadings; and (3) copies of the

return on service of process on those parties filed in state court. (Rec. Doc. 4).

Plaintiff filed the instant motion to remand on March 1, 2023. (Rec. Doc. 6). Plaintiff argues that Circle K had not at that point complied with the Court's directive, thus requiring remand. (Rec. Doc. 6-1, at 2).

However, on March 2, 2023, Defendant Circle K filed a Notice of Compliance with removal procedures (Rec. Doc. 7). The Notice contained a list of all remaining parties, copies of state court pleadings, and copies of the return on service of process. *Id.*; (Rec. Doc. 7-1). On March 31, 2023, Circle K amended the Notice of Compliance to include contact information related to one attorney listed as additional counsel of record for Plaintiff. (Rec. Doc. 13).

## DISCUSSION

Plaintiff argues that Defendants failed to meet the requirements of 28 U.S.C. § 1446(a) and failed to comply with the Court's directive to supplement the notice of removal by the 14-day deadline, or February 27, 2023. (Rec. Doc. 6-1, at 3). Pursuant to 28 U.S.C. § 1446(a), which governs the procedure for removal of civil actions to federal court,

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

A motion to remand on the basis of any defect other than jurisdictional defect "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the

removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, Plaintiff argues that the case should be remanded because Circle K failed to file a list of remaining parties as well as copies of all process and pleadings by Monday, February 27, 2023. (Rec. Doc. 6-1, at 3). In response, Circle K notes that it filed the required notice with removal procedure, though late on Thursday, March 2, 2023. (Rec. Doc. 7).

This error does not require remand. Failure to file the required state court papers is a procedural defect that courts permit the removing party to cure. *Glenn v. Bitco Gen. Ins. Co.*, No. CV 21-1691, 2021 WL 5905641, at *1 (E.D. La. Dec. 14, 2021) (citing *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007), *Maudlin v. Allstate Ins. Co.*, 757 F. App'x 304, 308 (5th Cir. 2018) (failure to file four documents were procedural defects, not requiring remand); *Ard v. HHF Beechgrove P'ship, Ltd.*, No. 16-16563, 2017 WL 991531, at *2 (E.D. La. Mar. 15, 2017) ("[R]emand based on [defendant's] failure to include a one page motion and order form state court is not appropriate.")). "[C]ourts often allow removing defendants, or other parties, to cure failures to file with the district court all process, pleadings, and orders served upon the defendants in state court." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.2 (4th ed. 2021).

Here, Circle K already cured their procedural defect by filing the missing documents and supplementing the record with new information. *See* (Rec. Docs. 7, 7-

1, 13). Under these circumstances, where the defect has already been cured, the required information has been provided to the Court and the opposing party, and the case is otherwise removable, the defect in the notice of removal has no impact on jurisdiction. Therefore, the Court declines to find Circle K's four-day tardiness in filing the required pleadings a procedural defect necessitating remand.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Remand* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 4th day of April, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE